### H. C. MATTINGLY *v.* WM. C. WATHEN.

**Bond for Deed.**

 The terms of a bond for a deed, when ambiguous, are susceptible of being explained by parol testimony.

**Meaning of the Word "Farm."**

 When the vendor never showed the vendee the land proposed to be conveyed, and all he did was to sell him his farm, the vendee has no right to suppose that the word "farm" included a tract of land three or four miles away from the principal tract of land.

APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

February 23, 1881.

OPINION BY JUDGE PRYOR:

James Mattingly, or rather his administrator, is not a party to the appeal, and the case will be considered alone with reference to the rights of H. C. Mattingly, he being the only appellant. It is evident from the testimony in this case that neither the appellant nor his father were informed of the fact that a conveyance had been made of the land, the sale of which is the subject of controversy; and this fact, taken in connection with the contents of the bond

executed to the appellant, and the oral testimony as to the land actually sold, leaves but little doubt as to the extent of the purchase made, and that was the principal tract and the timbered land adjacent or but a short distance from it. That the contract was made with James Mattingly for the benefit of his son is clearly shown; and neither one of the two (the father and son) examined any other land, or regarded themselves as having purchased any other land, than the two tracts; and the description given of the land in the bond, as being all the land owned by the vendor in Breckinridge county, must have been inserted by mistake, or with a view of embracing other tracts than those really sold. The parol proof shows what the sale was, and such a bond is susceptible of being explained by parol testimony. The vendor seems to have had the land surveyed without notice to the parties, and although he swears that the appellant was present the proof conduces to show that he was not present and never assented to it.

B. Wathen, the vendor, says he never showed appellant or his father any part of the land, and all he did was to sell him his farm. If such was the case the appellant certainly had no right to suppose that the word farm included a tract three or four miles off from the principal tract sold and the singular contents of the bond conduces to show that Wathen was of the same opinion, and for that reason caused the execution of the bond evidencing the sale of all the land he owned in the county.

This was certainly not the contract as proven by any of the parties. It is true that Wathen swears that the appellant lived near the land, but the proof shows he lived many miles away, and had not been in the vicinity of the land more than twice before he bought, and then for a very short time. B. Wathen, the vendor, knew when he had the deed recorded that the appellant would not accept it, and without even making him a tender of the deed, seems to have consummated the entire agreement by having the deed recorded as if he were the only party in interest. The 183 acres and the 50 acres was the only land sold, and while there may be some circumstances indicating a contrary conclusion, the decided weight of the testimony is in favor of the appellant on this branch of the case.

We have as little doubt as to the branch of the case involving the amount paid on this land. B. H. Wathen's version of the payments is correct, and it is plain that the $900 receipt was embraced

in the receipt for $1,593.39. After the $900 was paid, Mattingly paid $400 in cash and an order given him by McGill on Wathen for $293.39, making $693.39, and this added to the $900 makes $1,593.39, the amount of the large receipt. If the version of the appellant is true, the land having been purchased in payments, he was paying Wathen a large sum of money before it was due. He gave his note for $2,000 payable January 1, 1871, when, if he had paid as much as he says was paid, the note should have been for a little more than half of that sum. All that is owing by Mattingly is balance due, if any, after deducting the payments made on the tract sold; the tract including the two pieces is 233 acres at $25 per acre. The conveyance, having been made to the three tracts or pieces of land and never accepted by the appellant, should be held void, and the appellee permitted to amend his petition with proper allegations tendering a deed for the land sold, and this, if properly made, should be accepted and the lien enforced.

The judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Lewis & Fairleigh, Kinchelve & Eskridge, for appellant.*

*G. W. Williams, J. C. Walker, for appellee.*

